United States District Court
Southern District of Texas
**ENTERED**
October 18, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CRIMINAL ACTION H-16-99-5 |
| | § § § | |
| JAMES DANIEL HENDERSON *in custody* | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant James Daniel Henderson's ("Henderson") motion to dismiss the indictment against him (Dkt. 91) and motion for severance (Dkt. 97). The government has responded in opposition to both motions. Dkts. 104, 105. Having considered the motions, responses, and applicable law, the court is of the opinion that defendant's motions to dismiss (Dkt. 91) and for severance (Dkt. 97) should be DENIED.

I. **MOTION TO DISMISS INDICTMENT**

Henderson is charged with violation of the Hobbs Act, 18 U.S.C. §§ 1951(a) and (2), for one count of conspiracy to interfere with commerce by robbery, and with two counts for aiding and abetting interference with commerce by robbery. Dkt. 1. He is also charged with two counts of aiding and abetting using and carrying a firearm during and in relation to a crime of violence in violation of §§ 924(c)(1)(A) and (2). *Id.* Henderson challenges the constitutionality of § 1951. However, Henderson concedes that there is binding precedent against his position, and explains that he makes this motion in order to preserve the record. Dkt. 91 at 12.

The Fifth Circuit has held that the Hobbs Act's prohibition against conspiracy to interfere with commerce by robbery is valid under the federal Commerce Clause. *United States v. Miles*, 122 F.3d 235 (5th Cir. 1997); *United States v. Robinson*, 119 F.3d 1205, 1216 (5th Cir. 1997) (The

Hobbs Act in no way exclude[s] prosecutions for single local robberies, so long as the requirement of a nexus to interstate commerce is met.) (internal quotations omitted); *see also United States v. Smith*, 182 F.3d 452, 456–57 (6th Cir. 1999); *United States v. Paredes*, 139 F.3d 840, 841 (11th Cir. 1998); *United States v. Atcheson*, 94 F.3d 1237, 1243 (9th Cir. 1996). This court is bound by the determination of the Fifth Circuit that 18 U.S.C. § 1951 is constitutional. Accordingly, defendant's motion to dismiss the indictment is DENIED.

## II. MOTION FOR SEVERANCE

Henderson moves to sever his trial from his co-defendants, or alternatively, have any statements of his co-conspirators that directly or indirectly reference him. *Bruton v. United States*, 391 U.S. 123, 135–36, 88 S.Ct. 1620, 1627–28 (1968) (barring a co-defendant's "powerfully incriminating extrajudicial statements" at defendant's trial). Rule 14 provides that the court may sever the defendants' trials if it appears that a defendant will be prejudiced by a joinder of defendants for trial. Fed. R. Crim. P. 14. It is within the court's discretion to grant a motion for severance upon a finding of prejudice. *Id.*; *Zafiro v. United States*, 506 U.S. 534, 538–39, 113 S.Ct. 933, 938 (1993) ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."); *United States v. Winn*, 948 F.2d 145, 161 (5th Cir. 1991).

For a court to grant severance, a defendant must show a "specific and compelling prejudice" would result at trial from joinder. *United States v. Chagra*, 754 F.2d 1186, 1188 (5th Cir. 1985). Any potential prejudicial effect of joinder can often be cured through an appropriate limiting instruction to the jury without severance. *United States v. Turner*, 674 F.3d 420, 429–30 (5th Cir. 2012); *United States v. Mitchell*, 484 F.3d 762, 775 (5th Cir. 2007). Finally, the possibility of

prejudice must be balanced against the interest of judicial economy. *United States v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998); *United States v. Wolford*, 614 F.2d 516, 518 (5th Cir. 1980).

Henderson files this motion for severance on the basis that the admission into evidence of inculpatory statements made by his co-defendants would violate his Confrontation Clause rights as interpreted in *Bruton*, 391 U.S. 123, 88 S.Ct. 1620 and *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004). Dkt. 97. Henderson also asserts that a joint trial risks "prejudicial spillover of evidence" from co-defendants' admissions, confessions, recorded statements, and accusations regarding Henderson's actions that were made to the Harris County Sheriff's Department. *Id.*

The government, however, asserts that pursuant to Federal Rule of Criminal Procedure 8, the government is permitted to charge two or more defendants in the same indictment if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Dkt. 105; Fed. R. Crim. P. 8(b); *United States v. Faulkner*, 17 F.3d 745, 758 (5th Cir.); *United States v. Bieganowski*, 313 F.3d 264, 287 ("A spillover effect, by itself, is an insufficient predicate for a motion to sever.") (citing *United States v. Williams*, 809 F.2d 1072, 1085 (5th Cir. 1987).

The government maintains that severance is not warranted because *Bruton* only applies to statements that directly implicate the defendant or are incriminating "on its face." Dkt. 105; *Richardson v. Marsh*, 481 U.S. 200, 208, 107 S.Ct. 1702, 1707–08 (1987). And the government argues that any *Bruton* concerns can be eliminated by "appropriate redaction and/or limiting the testimony of law enforcement officers regarding co-conspirator statements who will not be testifying." Dkt. 105 at 1; *Richardson*, 481 U.S. at 211, 107 S.Ct. at 1709 (*Bruton* can be complied with when "the confession is redacted to eliminate not only the defendant's name, but any reference

to his or her existence."). Further, the government contends that at the time of its briefing, it is uncertain who will proceed to trial and who will testify. *Id.* at 4.

The court considers the Fifth Circuit's suggestion that "separation of issues is not the usual course that should be followed, and that the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice." *Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318 (5th Cir. 1978); *see also Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 937 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together."). Henderson has not provided any evidence that his issues are distinct and separate from his co-defendants, and the government maintains that appropriate redaction can eliminate *Bruton* concerns. The court agrees with the government's position that a limiting instruction and proper redaction will address Henderson' *Bruton* concerns. If the government is unable to cure the *Bruton* issues by redaction and/or limiting the testimony of law enforcement officers, the court will consider defendants' alternative motions in limine at the time of trial. Accordingly, Henderson's motion for severance is DENIED.

### III. CONCLUSION

Henderson's motion to dismiss (Dkt. 91) and motion for severance (Dkt. 97) are DENIED.

Signed at Houston, Texas on October 18, 2016.

_____
Gray H. Miller
United States District Judge